IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA MOLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-307-SPB |
| | ) |
| MICHAEL WHITE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Rowena Molson, a frequent *pro se* filer in this Court, commenced the instant civil action by filing a motion to proceed *in forma pauperis*, ECF No. [1], and attaching to it a complaint directed against Michael White, a fellow resident of Erie County, Pennsylvania. In her complaint, Plaintiff alleges that, on February 1, 2014, White and another individual entered the driveway of her Albion residence "with 9 oz. cans" and "did ignite the structure[,] casting flames to include but not exclusive of the white van at the driveway . . . with the intent of arsenistic [sic] play to inhabitant, self . . . ." ECF No. 1-1 at 5. As relief, Plaintiff requests $135,001.00 to compensate her for damage to "the value of human life in tortuous incarceration," as well as for damage to her van and her housing structure.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under [§ 1915(e)(2)1] to determine whether it is frivolous." *Id*. (citing *Sinwell v.*

1

*Shapp*, 536 F.2d 15 (3d Cir. 1976)); *Schneller v. Abel Home Care, Inc*., 389 F. App'x 90, 92 (3d Cir. 2010). Based upon a review of Plaintiff's application, the Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Therefore, she will be granted leave to proceed *in forma pauperis*, and the Clerk will be directed to docket her complaint.

Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to §1915, a court must grant the plaintiff leave to amend her complaint, unless the amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 114 (3d Cir. 2002).

In this case, Plaintiff's complaint fails even to identify, much less properly state, a legal theory upon which relief can be granted. Plaintiff alludes to alleged "gender discrimination" in her complaint, but she does not describe the context of her relationship with White, nor does she provide any facts that would plausibly suggest a violation under any of the federal or state laws that address gender discrimination. To the extent she is attempting to allege some type of civil

2

rights claim under 42 U.S.C. §1983, nothing in the complaint permits a plausible inference that White is a person who was acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Construing the complaint liberally and in the light most favorable to Plaintiff,[1] the Court assumes that Plaintiff might be attempting to assert various Pennsylvania tort claims against White, such as conversion of chattel, intentional infliction of emotional distress, or assault.  But claims such as these must proceed in state court, as the parties do not have diverse citizenship, *see* 28 U.S.C. §1332, and there is no plausible basis upon which the Court can exercise supplemental jurisdiction over the claims.  *See* 28 U.S.C. §1367.

In any event, Plaintiff's putative claims are not actionable at this point because, based upon the allegations in the complaint,[2] the applicable statutes of limitations have expired.  The applicable limitations period is two years both for claims under 42 U.S.C. §1983 and for the types of Pennsylvania tort claims listed above.  *See Nash v. Kenney*, 784 F. App'x 54, 57 (3d Cir. 2019) (discussing statute of limitations for §1983 claims), *cert. denied*, No. 19-7233, 2020 WL 1325917 (U.S. Mar. 23, 2020); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (same); *see also* 42 Pa. Cons. Stat. Ann. §5524(1) (two-year statute of limitations for assault and battery); *id.*

---

[1]  A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
   When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant. *See Taksir v. Vanguard Grp.,* 903 F.3d 95, 96–97 (3d Cir. 2018).

[2]  Under the law of this circuit, "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).  Such is the case here, for the reasons discussed above.

§5524(2) (two-year statute of limitations for claims involving personal injuries caused by the unlawful violence of another); *id.* §5524(3) (two-year statute of limitations for actions founded upon the taking, detaining, or injuring of personal property); *id.* §5524(4) (two-year statute of limitations for the "waste or trespass of real property"); 42 Pa. Cons. Stat. Ann. §5524(7) (two-year limitations period for claims founded on intentional tortious conduct).

"Under Pennsylvania law, a cause of action accrues, and the statute of limitations begins to run, when a plaintiff is aware, or should be aware, of the existence and source of the claimed injury." *Quintana v. City of Phila.,* No. CV 17-0996, 2018 WL 3632144 at *9 (E.D. Pa. July 30, 2018) (internal quotation marks and citation omitted).  Under federal law, a §1983 claim generally accrues when the plaintiff has a complete and present cause of action."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Carrasquillo v. DelBalso*, No. 3:19-CV-0853, 2019 WL 7562729, at *7 (M.D. Pa. Dec. 18, 2019), *report and recommendation adopted*, 2020 WL 201729 (M.D. Pa. Jan. 10, 2020).

Based upon these principles, Plaintiff's putative claims are time-barred.  To the extent the alleged events of February 1, 2014 gave rise to an otherwise viable cause of action, the cause of action was complete -- and Plaintiff was aware of her injury – as of that date.  As a result, it is clear from the allegations in the complaint that any claims against White arising from the events of February 1, 2014 are untimely.

Finally, the Court must consider the issue of amendment.  When a plaintiff is proceeding *pro se,* the Court should not dismiss the complaint without giving the plaintiff an opportunity to amend her claims, unless amendment would be inequitable or futile. *See Grayson,* 293 F.3d at 114.  Here, given the nature of Plaintiff's averments, the defects in the complaint appear to be irremediable.  Therefore leave to amend is not warranted.

For all of the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis*. The Clerk will be directed to file Plaintiff's complaint of record. However, Plaintiff's complaint will be dismissed with prejudice and without leave to further amend.

An appropriate order follows.

*/s/ Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge